ABRAHAM SAMPSON *vs.* WILLIAM WILSON.

First Judicial District, Hartford, October Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

The negligence of the owner and driver of a motorcycle will not be imputed to one who was merely riding with him as his invited guest and had no right or authority to control the machine or its operator.

In an action for negligence the jury is not necessarily bound to find the facts in harmony with the claims of either party: it may, on the contrary, find that each litigant was guilty of a want of due care contributing to the accident.

Argued October 7th—decided December 17th, 1915.

ACTION to recover damages for personal injuries sustained in a collision upon the highway which was alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Shumway, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff and one Krupnikoff were fellow-workmen employed as carpenters in the construction of a building. Krupnikoff was the owner of a motorcycle which he rode to and from his place of employment each day. On the afternoon of the day of the accident in question, at the close of work, he invited the plaintiff to ride home with him on the rear of his motorcycle, Krupnikoff managing and having control of the ma-

chine.  While they were thus riding on their way to their homes the motorcycle came into collision with a motor-truck driven by the defendant, and both the plaintiff and Krupnikoff received personal injuries. Both brought suit against Wilson, and the two actions were tried together.  In the present action the plaintiff requested the court to instruct the jury that if they found that the plaintiff was injured while riding on Krupnikoff's motorcycle at his invitation and as his guest, then any negligence on Krupnikoff's part could not be imputed to the plaintiff; and that if they found that the plaintiff himself was free from negligence and that he was injured through a want of reasonable care on the part of the defendant, the verdict must be for the plaintiff .notwithstanding the fact that there may have been some negligence on the part of Krupnikoff. The court did not so charge, but told the jury, in substance, that if the plaintiff failed to prove Krupnikoff free from negligence and observant of the law of the road, the plaintiff could not recover.  The jury were further told that its verdict should be in favor of both of the plaintiffs or in favor of neither, so that if Krupnikoff was not entitled to a recovery the plaintiff would not be.

*John J. Dwyer* and *Jacob Schwolsky*, for the appellant (plaintiff).

*John J. McKone*, for the appellee (defendant).

PRENTICE, C. J.  The instructions of the court upon the subject of imputed negligence were erroneous.  The plaintiff was a gratuitous passenger riding upon another's motorcycle upon the invitation of its owner and operator, and having no authority, control or right of control over the machine or its operator.  The rule of

law consonant with reason and generally accepted, and accepted by this court, is that in such case the negligence of the driver will not, in case of injury to the passenger, be imputed to the latter. *Bartram* v. *Sharon*, 71 Conn. 686, 688, 43 Atl. 143. The numerous decisions touching this general subject are quite exhaustively reviewed, and the proposition of law, as bearing upon a situation like the present, well stated in *Shultz* v. *Old Colony Street Ry. Co.*, 193 Mass. 309, 322, 79 N. E. 873, as follows: "The rule fairly deducible from our own cases, and supported by the great weight of authority by courts of other jurisdictions is that where an adult person, possessing all his faculties and personally in the exercise of that degree of care, which common prudence requires under all the attending circumstances, is injured through the negligence of some third person and the concurring negligence of one with whom the plaintiff is riding as guest or companion, between whom and the plaintiff the relation of master and servant or principal and agent, or mutual responsibility in a common enterprise, does not in fact exist, the plaintiff being at the time in no position to exercise authority or control over the driver, then the negligence of the driver is not imputable to the injured person, but the latter is entitled to recover against the one through whose wrong his injuries were sustained."

Defendant's counsel does not attempt to justify the court's instructions. Instead, he urges that the error was at most a harmless one, since the verdict of the jury under the circumstances of the case unmistakably indicates, as he says, that it found the defendant free from negligence. The plaintiff upon the trial claimed that the accident happened solely through the defendant's fault in not keeping to the right of the road as the law requires; the defendant that it occurred wholly by reason of Krupnikoff's negligent conduct in

the operation of his motorcycle. Each of these parties claimed to have been free from negligence, and to have observed the law of the road, and that the other was alone guilty of improper conduct. The defendant contends that the jury must therefore have found in favor of the one or the other of these contentions, and that, returning a verdict for the defendant, it must have found the situation as he claimed it to have been,—that is, one having no element of his negligence or misconduct in it. This argument is ingenious but hardly sound, as we cannot say that the jury might not have found the facts to have been variant from the claims of either party, and so have found that neither was free from fault contributing to the accident.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.