MARGARET A. MORGAN *vs.* ARTHUR MARCHESSEAULT ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

608

Argued November 8th—decided December 7th, 1933.

*Arthur T. Keefe,* with whom was *Joseph P. Smith,* for the appellants (defendants).

*C. Hadlai Hull,* for the appellee (plaintiff).

BANKS, J. There was substantially no dispute as to the facts which are material to a consideration of this appeal. The plaintiff was riding in a car, owned by her and operated by her husband, in a northerly direction on Main Street in the village of Moosup, which is a paved street twenty-four feet wide. Church Street intersects Main Street from the west and has a traveled surface eighteen feet in width, south of which there is a shoulder of grass or grass and gravel about five and a half feet wide extending to a hedge which marks the property line on the south. The plaintiff's car was following the defendants' delivery truck and was about to pass it as the latter was approaching the intersection of Church Street. When the front wheels of the plaintiff's car were to the left and about abreast of the rear wheels of the truck, the driver of the latter, without giving any signal of his intention to do so,

turned sharply to the left. Thereupon the driver of the plaintiff's car, to avoid a collision with the truck, also turned to the left and struck a telephone pole which stood close to the west curb of Main Street substantially in line with the northerly edge of the hedge.

The court charged the jury that the plaintiff's car was being operated as a family-car and that she was responsible for any negligence of her husband in its operation, and that is not questioned by the plaintiff. That the driver of the truck was negligent in failing to give a signal of his intention to turn is not disputed by the defendants who claim that the accident was caused by the concurring negligence of their driver and that of the driver of the plaintiff's car.

The defense to the action was based primarily upon the contention that the driver of the plaintiff's car was operating it in violation of the statute, General Statutes, Cum. Sup. 1931, § 306a, which provides that "any person shall, . . . when within any intersection, keep to the right of the center line of the highway along which he is proceeding," and that such violation constituted contributory negligence which would bar her recovery. That result would follow from a violation of the statute by the driver of the plaintiff's car for which she was responsible and which was a proximate cause of her injuries. *Murphy* v. *Way,* 107 Conn. 633, 638, 141 Atl. 858; *Andrew* v. *White Bus Line Corporation,* 115 Conn. 464, 467, 161 Atl. 792. The plaintiff's husband testified that it was his intention to pass the truck, and that in order to pass it it would have been necessary for him to have traveled on the left-hand side of Main Street while crossing the intersection of Church Street. The defendants' contention is that a formed intent to pass to the left of the center line of the highway while within the intersection contrary to the mandate of the statute, which the driver

of the plaintiff's car was about to carry out as he started to pass the truck, was equivalent to a violation of the statute although he never actually reached the intersection. The defendants requested the court to charge that if the jury found that the plaintiff's husband was operating her car with an intent to violate the statute by passing to the left of the center of the highway while in the intersection, and that such intended transgression resulted in her injuries, she could not recover. The court charged the jury that, while they might consider the intention of the driver of the plaintiff's car, stated in his testimony, as explaining or interpreting what he did, they could not find the plaintiff or her driver guilty of contributory negligence because of any mere intention that the latter may have had. The court did not err in refusing to charge as requested. It would seem fairly obvious that an intention to violate a statute, not translated into action, does not constitute such violation, and that, in the operation of a motor vehicle, one is to be held responsible for what he does and not for some contemplated action which is never taken.

The court in this connection also charged that if, at the instant that defendants' truck turned to the left, the plaintiff's car was about to enter the intersection, then in that case the plaintiff was guilty of negligence. This was more favorable to the defendants than a charge which they requested to the effect that if plaintiff's car was attempting to pass the defendants' truck within the intersection and such action was a substantial factor in causing her injuries she could not recover. It told the jury that the plaintiff was negligent as a matter of law if the driver of her car was about to carry out his intention to enter the intersection to the left of the center line of the highway in violation of the statute. It permitted the jury to find

the plaintiff guilty of transgressing the statute though her car never entered the intersection. The defendants surely could not ask for a charge more favorable to them upon this phase of the case.

The complaint alleged that the plaintiff's injuries were "due solely" to the negligence of the defendants' servant. In assignments of error for failure to charge as requested, and in the court's charge as to proximate cause, the defendants assert that this allegation required a specific charge that the defendants' negligence was the sole cause of the plaintiff's injuries and an adequate charge upon the subject of concurrent negligence as requested. The case presented no question of the concurring negligence of the defendants and a third party, and the court correctly and adequately charged as to the effect of any concurring negligence of the plaintiff's husband which was imputable to her as contributory negligence. The allegation of the complaint that the plaintiff's injuries were due solely to defendants' negligence did not add anything to the burden she assumed of proving that her own negligence or that of her husband did not materially contribute thereto. Other assignments of error in the charge are without merit and do not require discussion.

The case presented but a single ground of action, and the refusal of the court to submit to the jury the second and third interrogatories requested by the defendants was a matter resting in its sound discretion. *Miller* v. *Connecticut Co.*, 112 Conn. 476, 480, 152 Atl. 879.

The defendants' appeal from the denial of the motion to set aside the verdict was based upon the claim that the driver of the plaintiff's car was guilty of negligence as a matter of law upon the ground that his intention to pass through the intersection to the left of the center line of the street was, under the circum-

stances, a violation of the statute. As already indicated, we do not construe such unexecuted intention to be the equivalent of negligent conduct in violation of the statute. Furthermore, there was evidence that the plaintiff's car was at a substantial distance from the intersection when the defendants' truck turned to the left and therefore was not at that instant about to enter it, and the jury could reasonably have found that the situation which, under the charge of the court, would have required a conclusion that the plaintiff was negligent, did not exist.

There is no error.

In this opinion the other judges concurred.