## REGINA NETTLES
*vs.*
## THE HOME OIL COMPANY ET AL.

Court of Common Pleas      Fairfield County      File No. 40792

MEMORANDUM FILED MARCH 29, 1940.

*David R. Lessler,* of Bridgeport, for the Plaintiff.
*Keating & Keating,* of Stamford, for the Defendants.

MELLITZ, J. The complaint alleges that the plaintiff was a passenger in an automobile which she owned, and that she sustained personal injuries and damage to her automobile as a result of the negligence of the defendants. The answer filed by the defendants recites that the plaintiff owned the automobile in which she was riding, that it was being operated by her husband as a family car, within his general authority to operate it, and that in such operation he committed a number of acts of negligence which are imputable to the plaintiff as a bar to her recovery. The plaintiff demurs to the answer in so far as it seeks to charge her with responsibility for her husband's negligence.

An occupant of an automobile is not chargeable with the negligence of the driver so as to prevent the occupant's recovery for injuries sustained, unless the nature of the occupant's legal relation to the driver is such as to render the occupant answerable for the negligent acts of the driver. *Sampson vs. Wilson,* 89 Conn. 707, 709.

It is universally recognized that negligence of an agent, committed within the scope of the agent's authority, is imputable to his principal, to bar a recovery by the latter. The defense set up in the answer in effect alleges that at the time the plaintiff sustained her injuries and damage, her husband was operating the car as her agent, within the scope of his authority.

One who maintains a family car "constitutes members of the family so operating the car his agents engaged in the prosecution of his affairs." *Stickney vs. Epstein,* 100 Conn. 170, 179.

In *Morgan vs. Marchesseault,* 117 Conn. 607, and in *Stiles vs. Countermash,* 118 id. 691, the facts were similar to those here present, and in neither case was it disputed that the driver's negligence was imputable to the owner-occupant.

In jurisdictions in which the family car doctrine is not recognized, the imputability of the driver's negligence to an owner-occupant has been held dependent on the question of control. So, in *Rodgers vs. Saxton,* 305 Penn. 479, cited by the plaintiff, the holding was against imputing the driver's negligence to the owner-occupant; while in *Gochee vs. Wagner,* 257 N.Y. 344, 347 and in *Guy vs. Union Street Ry. Co.,* 289 Mass. 225, the driver's negligence was imputed.

In jurisdictions in which, like our own, the family car doctrine is recognized, the courts have held the driver's negligence im-

putable and a bar to recovery for injuries or damage sustained by the owner, on the basis of agency. *Lucey vs. Allen,* 44 R.I. 379; *Pearson vs. Northland Transp. Co.,* 184 Minn. 560; *Hemrich vs. Koch,* 177 Wash. 272.

The demurrer is overruled.