MARIE H. BALLOU *v.* JEWETT CITY SAVINGS BANK.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1941—decided January 14, 1942.

*Arthur T. Keefe* and *Douglas A. Anello,* for the appellant (defendant).

*Harry Schwartz,* with whom, on the brief, was *George C. Morgan,* for the appellee (plaintiff).

ELLS, J. The plaintiff, a member of a fraternal organization which rented lodge rooms on the third floor of a commercial building owned by the defendant, brought this action to recover damages for injuries she suffered when she fell down an unlighted stairway. A verdict was rendered in her favor and the defendant has appealed from a denial of its motion to set the verdict aside and from the judgment.

There is no substantial dispute as to the facts. The plaintiff entered the building at about fifteen minutes before eight in the evening, went up the stairway to the second floor and proceeded along a hallway eighty feet in length and up the stairway to the third floor, where she attended a lodge meeting. The stairways and hall were lighted. The meeting was over at about 10 o'clock, and she was the first person to leave. The light on the third floor stairway was operated by a switch on or near the third floor, under control of the lodge, and the light was on. When she reached the long second floor hallway she found it in darkness. The only switch controlling the lights for it and the first floor stairway was at the bottom of those stairs. Being familiar with the premises, and unafraid, she

groped her way along the hall until she reached the stairway partition, then she felt along it with her hand until she came to the end, found the handrail of the stairs, took hold of it, put her foot out to feel for the top of the stairs and in the darkness fell headlong into space. There was evidence of a defective condition of the floor of the hallway and the top tread of the stairs, at their juncture, which the plaintiff claimed required the use of lights at night to make their use reasonably safe. It was customary for the landlord to turn on the lights to the first floor stairs and the second floor hall as soon as it became dark, and to keep them on until sometime after 10 o'clock in the evening, unless it happened to be one of the regular meeting nights of the lodge, when the janitor would ascertain whether the meeting was over before turning out the lights.

The plaintiff testified that she took hold of the handrail and fell because she misjudged the distance, and her testimony furnishes no basis upon which the jury could reasonably find that any defect in the stairway was the cause of her fall. The case comes down, both on the claim of the plaintiff and on the evidence, to the alleged failure of the defendant adequately to light the stairway.

There is a conflict of authority as to the common law rule concerning the duty of a landlord to keep the ordinary halls and stairways lighted, in the absence of a statute compelling him to do so, but where the construction of a stairway or hall is such as to require the use of artificial light to make it reasonably safe, or the landlord has assumed the duty of keeping them lighted, the rule of using reasonable care to keep common halls and stairways reasonably safe applies, and this general obligation, applied to the instant case, would mean to take reasonable care to see that the

stairway was properly lighted. See *Gibson* v. *Hoppman*, 108 Conn. 401, 407, 143 Atl. 635; *White* v. *De Vito Realty Co.*, 120 Conn. 331, 335, 180 Atl. 461; *Gallagher* v. *Murphy*, 221 Mass. 363, 108 N. E. 1081, 32 Am. Jur. 576. It was lighted earlier in the evening but the light was out when the plaintiff descended. Liability could be imposed upon the defendant only if it knew or in the exercise of reasonable inspection should have ascertained that the light was out, and thereafter failed to remedy the situation. There was no evidence of actual knowledge, and in the absence of evidence as to how long the light had been out there was no basis for finding that the defendant should have discovered it by reasonable inspection. The case is controlled by our opinion in *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 63, 13 Atl. (2d) 760, where the plaintiff fell over a toy in front of the door of an apartment house, and we said that as there was no basis upon which the jury could find that the toy had been where it was a sufficient length of time so that the defendant should have had notice of it, the verdict for the plaintiff lacked essential support. In the instant case the decisive issue was whether the light had been out a sufficient length of time so that the defendant should have had notice of it. The light was on earlier in the evening. There was no evidence as to how or when it was extinguished. Tenants sometimes turned it out, and there had been complaints that boys had in the past tampered with the switch and turned the light on or off. Under the circumstances of this case, however, the defendant was not required to station a man there throughout the evening to insure against the turning out of the light; its duty was to use reasonable care to see that the stairway was properly lighted. The evidence is insufficient to produce a reasonable belief

that the defendant had failed in its duty. In short, the plaintiff failed to prove her case.

The trial court should have granted the motion to set the verdict aside. As a new trial must be ordered, we discuss briefly certain assignments of error as to the charge, a decision upon which will be of assistance to the court upon a retrial of the case. The defendant pleaded as a defense that the plaintiff had assumed the risk of injury, and complaint is made of the court's instruction upon that issue. In *Freedman* v. *Hurwitz,* 116 Conn. 283, 287, 164 Atl. 647, we said: "Because the essence of the doctrine is the assumption of the risk, the injured party must or ought reasonably to have perceived that it existed, and because it is the risk which is assumed the injured person must have appreciated it, or the situation must be such that he ought reasonably to have appreciated it and realized that unless he took steps to protect himself he would be liable to injury." In *Dean* v. *Hershowitz,* 119 Conn. 398, 177 Atl. 262, we had a situation where the plaintiff was injured by a defect in a porch. After quoting the above, we said, at page 412, that "risks are not assumed by a plaintiff unless he has, or ought to have, knowledge and comprehension of the peril to which he is exposed, and, having such knowledge and comprehension, he continues of his own volition to subject himself to that peril," and went on to say that, even though the plaintiff knew of the particular defect in the porch and the likelihood of injury if she walked over it, this alone would not be sufficient to show that she assumed the risk, because the test is comprehension of the risk. The claims of proof afford no basis for the application of the doctrine of assumption of risk as such, and the situation falls fully within what is said in the Restatement, 4 Torts, p. 496: "This is a form of contributory negligence which has been fre-

quently called 'voluntary assumption of risk.' This is an application of the phrase made for convenience to indicate a defense based upon the fact that the plaintiff is aware of the risk and chooses to continue. . . . The fact that the plaintiff is barred only if he is unreasonable in encountering the risk, a fact not considered where there is the true defense of voluntary assumption of risk, indicates that it is a form of contributory negligence." The only switch controlling the lights on the stairs leading up to the second floor was on the ground floor. The plaintiff could remain where she was or retreat to the third floor, and, in either event, await indefinitely the lighting of the lower passageways, or she could proceed with care. If she chose the latter alternative, it would be a question for the jury whether she acted negligently in making her choice, that is, whether she adopted a course of conduct which would not have been chosen by a reasonably prudent person in the light of the alternative open to such person. In *Gibson* v. *Hoppman*, supra, 404, we discussed, as one of the factors of the case, the use of a rear stairway, although another one was available at the front of the building, and said: "Even if the rear stairs were more dangerous than the front, the plaintiff was not necessarily bound to choose the other means of exit, or chargeable with contributory negligence in passing down the rear stairs, provided she did so with reasonable care." See also *Burk* v. *Corrado*, 116 Conn. 511, 514, 165 Atl. 682; *L'Heureux* v. *Hurley*, 117 Conn. 347, 359, 168 Atl. 8; *Dole* v. *Lublin*, 112 Conn. 603, 605, 153 Atl. 856. The charge of the trial court was in substantial accord with the situation presented by the record before us.

Complaint is made of the portion of the charge which deals with the right of the plaintiff, a married woman, to recover, as an element of her damage, ex-

penses which have been incurred by reason of her injury, in the absence of a statutory waiver by her husband. The instructions given were in accord with our law as stated in *Katz* v. *Cohn*, 122 Conn. 338, 343, 189 Atl. 594 and *Ginsburg* v. *Ginsburg*, 126 Conn. 146, 148, 9 Atl. (2d) 812.

Other assignments of error as to the charge as given, referring to isolated paragraphs, are of no merit. We do not find error in the single ruling on evidence, or in the failure to submit interrogatories. The latter situation was one falling within what we said in *Morgan* v. *Marchesseault*, 117 Conn. 607, 611, 169 Atl. 609, to the effect that, as the case presented a single ground of action, refusal of the court to submit interrogatories was a matter resting in its sound discretion.

There is error, the judgment is set aside and a new trial is ordered. Costs for printing sixty-four pages of the evidence, which were relevant only to the issue of the amount of damages recoverable if the plaintiff prevailed, are not to be taxed in favor of the appellant.

In this opinion MALTBIE, C. J., AVERY and JEN-NINGS, Js., concurred.

BROWN, J. (dissenting). It is my view that the statement upon which the conclusion of the majority is predicated, that "liability could be imposed upon the defendant only if it knew or in the exercise ,of reasonable inspection should have ascertained that the light was out" at the time the plaintiff fell, unduly limits the defendant's liability in view of the scope of the issue of liability presented by the record. The complaint alleged that by reason of the defendant's "failure to light" the stairs, they were dangerous and that this caused the plaintiff's fall. The finding discloses that it was in issue whether the defendant had

made any provision to maintain proper lighting of the stairway, and in its charge the trial court submitted this issue to the jury. They could reasonably have found a total failure of the defendant to do anything either to provide proper lighting facilities or to arrange for keeping the lights lighted, and that its negligence in these respects was a substantial factor in producing the plaintiff's fall. Since the evidence warranted a finding that the plaintiff was free from contributory negligence, the motion to set aside the verdict was properly denied.

I do not think that this case is "controlled by our opinion in *Laflin* v. *Lomas & Nettleton Co.*," as is stated in the majority opinion, because of the broader scope of the defendant's claimed negligence in the present case. To my mind that case would be more nearly on all fours if the defendant's breach of duty there relied on had been its failure to provide the steps supporting the toy referred to, which were essential as a means of exit from its apartment house, by reason of which the plaintiff fell and was injured, although she had been enabled to enter by steps provided temporarily by a volunteer and removed before her exit.

In my opinion there is no error.