ANTANOS USTJANAUSKAS *v.* VINCENT GUILIANO

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 146424

Memorandum filed November 14, 1966

*Norton M. Levine,* of New Haven, for the plaintiff.

*George A. Downing,* of Manchester, for the defendant.

TEDESCO, J. The plaintiff-owner has brought an action seeking damages for property damage done to his automobile. It is alleged in the complaint that a collision occurred between an automobile owned by Antanos Ustjanauskas and operated by his wife and an automobile owned and operated by the defendant, Vincent Guiliano. The plaintiff alleged that the damage resulting therefrom was caused by the negligence of the defendant. The defendant has denied that he was negligent and has alleged as a special defense that the collision was caused by the negligence of the plaintiff's wife and that she was operating the vehicle of Antanos

Ustjanauskas as the agent, servant or employee and as a family car within the scope of his general authority. The plaintiff demurred to the defendant's special defense on the ground that any contributory negligence on the part of the operator is not imputable to the plaintiff-owner under the family car doctrine.

The issue raised by the plaintiff's demurrer is whether contributory negligence of an operator of an automobile may be imputed to the owner thereof under the family-car doctrine. Plaintiff's demurrer claims that the special defense does not allege sufficient facts to impute any alleged negligence of Ada Ustjanauskas to plaintiff in any manner or respect or upon any valid legal theory. Defendant's special defense alleges that the driver of the vehicle was operating the vehicle as the agent, servant or employee of the plaintiff or in the alternative as a family car. The plaintiff's vehicle was driven by his wife, as was pleaded in the special defense.

It is well to state at the outset that the court emphatically concludes that § 52-182 of the General Statutes, "Presumption of family car in motor vehicle operation," does not properly belong in any discussion of the issues of the plaintiff's demurrer being considered herein.

It has long been held under the common law of Connecticut that the owner of an automobile which is maintained for the general use and convenience of the owner's family is responsible for the negligence of a member of the family in operating the automobile under a general authority. *Silverman* v. *Silverman,* 145 Conn. 663 (1958); *O'Keefe* v. *Fitzgerald,* 106 Conn. 294 (1927); *Durso* v. *A. D. Cozzolino, Inc.,* 128 Conn. (1941); *Stickney* v. *Epstein,* 100 Conn. 170 (1923); *Nettles* v. *Home Oil Co.,* 8 Conn. Sup. 145 (1940). Thus, it is abundantly clear

that an owner of a family car may be held liable for the negligence of a member of a family in operating the automobile. It is equally well settled in Connecticut that an owner's responsibility for the negligent act of an operator under the family car doctrine is founded upon agency. *Silverman* v. *Silverman,* supra; *Stickney* v. *Epstein,* supra. In *Nettles* v. *Home Oil Co.,* supra, 146, the court said: "In jurisdictions in which, like our own, the family car doctrine is recognized, the courts have held the driver's negligence imputable and a bar to recovery for injuries or damage sustained by the owner, on the basis of agency."

On the same ground and for the same reasons that an owner of a family car has been held liable for the negligence of the operator, the Court of Common Pleas and the United States District Court for the district of Connecticut have held that contributory negligence of an operator of a family car is imputable to the owner to bar recovery of damages by the plaintiff. *Nettles* v. *Home Oil Co.,* supra; *Keane* v. *Dorie,* Civil No. 5626, D. Conn., Sept. 12, 1955 (memorandum of decision on motion to strike).

In *Morgan* v. *Marchesseault,* 117 Conn. 607, the court approved the general principle of the imputed negligence from a husband-driver to a wife-passenger. A reading of the charge of the court which is printed in full in A-47 Supreme Court Records and Briefs 19, November Term, 1933, reveals that the court charged in several places that (1) the jury must decide whether or not the plaintiff, herself, or her driver in her place, was free from contributory negligence; (2) the jury must further determine if the driver of plaintiff's car was free from contributory negligence; (3) the standard of care that applies to the driver of the

defendant's car also applies to the driver of the plaintiff's car.

The decisions in the Connecticut courts and the United States District Court in which the contributory negligence of the operator was held imputable to the owner under the family car doctrine are not based upon control by reason of the owner's presence in the car but rather upon agency. In *Nettles* v. *Home Oil Co.,* supra, which was followed by the United States District Court *(Keane* v. *Dorie,* supra), the court said that in a jurisdiction in which the family car doctrine is not recognized, the imputability of the driver's negligence to an owner-occupant has been held dependent upon the question of control, but that in Connecticut, where the family car doctrine is recognized, the imputation of negligence is based upon agency.

The Connecticut rule which imputes contributory negligence of an operator of a family car to the owner thereof is in accord with most of the jurisdictions in the United States which recognize the family car doctrine at common law. Professor William L. Prosser has stated: "The result at which the courts have arrived is that the plaintiff will never be barred from recovery by the negligence of a third person unless the relation between them is such that the plaintiff would be vicariously liable as a defendant to another who might be injured." Prosser, Torts (3d Ed.), p. 502. It is clear that the relation between a plaintiff-owner and an operator within the meaning of the family car doctrine in Connecticut is such that the plaintiff would be vicariously liable as a defendant for the negligent acts of the operator. The Connecticut rule is also in accord with the rule adopted in the Restatement of Torts (Restatement, 2 Torts § 485), and with the rules set forth in American Jurisprudence and

Corpus Juris Secundum. 38 Am. Jur., Negligence, § 236; 65A C.J.S., Negligence, § 168; 61 C.J.S., Motor Vehicles, § 462.

The Connecticut rule of imputing contributory negligence under a family car doctrine is based upon the basic recognition that vicarious responsibility, arising under the common law and based upon agency, must be equally applicable to all parties, whether plaintiff or defendant. It has been suggested in some cases that the doctrine of imputed negligence should not be permitted in any case. Until, however, such time as the doctrine of imputed negligence is abolished, it is the law of Connecticut and must be accepted as such. To hold that contributory negligence of an operator of a family car is not imputable to the owner would mean that the plaintiff-owner is not held to the same degree of responsibility and accountability as the defendant-owner.

There is sound reason under our concept of justice to hold that under Connecticut's family car doctrine a defendant-owner is responsible for the negligent acts of his operator and also that a plaintiff-owner is so responsible. Since liability in the first instance depends upon "fault," which "fault" is imputed to the owner under principles of vicarious responsibility, equity and good conscience require that the principle of vicarious responsibility be equally applied to all parties. As long as contributory negligence is a defense to an action based upon negligence, equal application of the laws requires that if a special relationship giving rise to agency is used to impute negligence and hold an owner liable, such relationship must also be used to impute contributory negligence and bar recovery. It would be contrary to reason to hold that under the law of Connecticut an owner of a family car is

responsible for the negligent act of an operator if he is a defendant, but is not responsible if he is a plaintiff.

The plaintiff cites as support of his demurrer the case of *Levy* v. *Senofonte,* 2 Conn. Cir. Ct. 650. The *Levy* case cited *Nettles* v. *Home Oil Co.,* supra, as an instance where the Connecticut court imputed contributory negligence of an operator to an owner under the family car doctrine. In footnote 12 of the court's opinion (p. 658), however, it is stated that the court in *Nettles* regarded that case only as an owner-occupant case, and not as a case involving the same issues as were raised in *Levy.* The court thereafter states that those cases in which contributory negligence can be imputed are merely applications of the law of torts to find a touchstone for accountability in control. The court states that contributory negligence in owner-occupant cases can be imputed on the basis of control, while contributory negligence of an operator cannot be imputed to a nonoccupant owner under the family car doctrine because of the absence of control. In the *Nettles* case, Judge Mellitz said contributory negligence is imputed under the family car doctrine on the basis of agency. Judge Mellitz distinguished the family car doctrine of Connecticut from the laws of other states which impute contributory negligence on the basis of control. The trier herein realizes that control is an element in agency. The court in *Levy,* however, apparently uses the word "control" in the sense of being able physically to control the operator through one's presence in the automobile.

The question of control was described in the article of David R. Lessler, "Imputed Negligence," 25 Conn. B.J. 30, 36, as follows: The "passenger . . . must 'mount the box and superintend the con-

duct of the driver in the management and control of his team.' " The trier herein feels that the matter of "control" of the driver by an owner-occupant is the legal fiction in these cases. In these modern times the question might be asked as to just how much control does an occupant have over the driver.

The court in the *Levy* case, supra, states that its holding is in accord with cases decided under owner-consent statutes. Liability imposed by owner-consent statutes is not founded upon common-law agency and is not a part of the common law. Vicarious responsibility imposed under Connecticut's family car doctrine is founded upon agency and is a part of the common law. The two bodies of law are completely unrelated and are based upon different public policies.

Under the law of Connecticut, negligence is imputed under the family car doctrine on the basis of agency. Vicarious responsibility under the doctrine is applicable equally to all parties, whether they are plaintiffs or defendants. The contributory negligence of an operator of a family car is imputable to the owner thereof for the same reasons that negligence may be imputed to impose liability.

In the instant case, any contributory negligence of Ada Ustjanauskas, the driver, may be imputed to Antanos Ustjanauskas, the owner, under the family car doctrine, and therefore the defendant's special defense as against Antanos Ustjanauskas is valid.

Plaintiff's demurrer is overruled.