EDWARD J. MARKOSKY, JR., ADMINISTRATOR (ESTATE OF MARION M. MORRIS) *v.* WALTER M. MORRIS ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 137835

Memorandum filed January 3, 1972

*Abram W. Spiro,* of Danbury, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the named defendant.

*Mellitz, Krentzman & Newman,* of Bridgeport, and *George J. Malinsky,* of Georgetown, for the defendants Samuelson.

FitzGerald, J.   The plaintiff, as administrator upon the estate of Marion M. Morris, brought the within action to recover damages for the death of his decedent.   Insofar as present purposes are concerned, the complaint alleges in substance that on January 27, 1969, the plaintiff's decedent was a passenger in a car operated by the defendant Walter M. Morris on a public highway in Connecticut, which car came into collision with a car owned by the defendant Harry Samuelson and operated by the defendant David W. Samuelson; that both operators were negligent in various specified respects; and that injuries were caused to the decedent resulting in her death.

The defendants Samuelson have filed a special defense, part of which reads: "At all times mentioned herein, the plaintiff's decedent Marion M. Morris was the owner of the automobile which was being operated by the defendant, Walter M. Morris, and was maintained by the said decedent as a family car for the general use and convenience of members of her family, including her husband, the defendant, Walter M. Morris, and the said Walter M. Morris was operating said vehicle within the scope of his general authority and as a family car."   The special defense then proceeds to allege negligence on the part of the defendant operator-husband in various specified respects which allegedly constituted the proximate cause of the decedent's injuries and resulting death.

To this special defense the plaintiff has demurred on the broad ground that the negligence of an opera-

tor of a motor vehicle is not imputable to the owner of that vehicle by virtue of the family car doctrine in an action wherein the owner, or the owner's estate, as party plaintiff, is suing the owner and operator of another vehicle and the operator of the owner's motor vehicle for injuries sustained by the owner, resulting in the owner's death, in a collision between the owner's vehicle and one owned and operated by another.

While the court is tempted to write a somewhat protracted memorandum, it will not do so. Counsel have filed able briefs and have argued well their respective positions. A repetition of what they have written and argued orally would add nothing of value.

Counsel are in agreement that the Connecticut Supreme Court to date has not specifically ruled on the question presented. On the facts admitted by the demurrer, however, there is no question that, under the family car doctrine established in the law of Connecticut, the negligence of the decedent's husband-operator would be imputed to her or her estate in actions brought against her or her estate by either or both of the Samuelsons as parties plaintiff.

Four trial court decisions in Connecticut have touched on the question herein presented, three on demurrer and one following a trial to the court. The memoranda in *Pinaglia* v. *Beaulieu,* 28 Conn. Sup. 90 (1969), and *Levy* v. *Senofonte,* 2 Conn. Cir. Ct. 650 (1964), would support the plaintiff's position on the demurrer to the special defense, while the memoranda in *Nettles* v. *Home Oil Co.,* 8 Conn. Sup. 145 (1940) and *Ustjanauskas* v. *Guiliano,* 26 Conn. Sup. 387 (1966) would not.

It is the view of this court that the overall reasoning, comments and observations in the memoranda

in *Nettles* and *Ustjanauskas* more closely parallel what would substantially be the position of our Supreme Court if the question presented were before it for adjudication. That the commentators in the American Law Institute, Restatement (Second), 2 Torts § 485, have now adopted the position as a general principle that "a plaintiff is not barred from recovery by the negligent act or omission of a third person" does not necessarily mean that our Supreme Court would do likewise, particularly in those instances involving the use of a family car. This would appear to be so because the concept of the family car doctrine is so deeply entrenched in the common law of Connecticut. But that apart, our Supreme Court in another connection a few years ago declined to abide by a revised rule now contained in the Restatement (Second), 2 Conflict of Laws § 146. See *Landers* v. *Landers,* 153 Conn. 303, 304-5 (1966). The General Assembly, however, by legislative fiat thereafter conformed the Connecticut rule in part to that of the revised rule in the Restatement (Second). See Public Acts 1969, No. 623 § 1; General Statutes § 52-572d.

Further discussion is not required other than to say that the briefs and oral arguments of counsel, the vanquished as well as the victor, were excellent and merit these words of commendation.

The plaintiff's demurrer to the special defense of the defendants Samuelson is overruled. Parenthetically, the court observes that it is unfortunate that an early review could not be had of the question in our Supreme Court.