[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S THIRD AND FOURTH SPECIAL DEFENSES (NO. 106)
The plaintiffs, Mohammed and Maissa Nabelsi, filed a claim for uninsured motorist benefits with their insurer, defendant Sentry Insurance, to recover for injuries sustained after their vehicle was allegedly forced off the road by an unidentified tractor trailer. In response to the plaintiffs' complaint filed on September 14, 1993, the defendant filed an answer and four special defenses on October 29, 1993. The defendant in its first and second special defenses alleges that Mohammed Nabelsi's negligence in the operation of his vehicle constitutes a complete defense to his claim for uninsured motorist benefits. In the third special defense the defendant alleges that Mohammed Nabelsi's negligence constitutes a complete defense to Maissa Nabelsi's claim for uninsured motorist benefits. In the fourth CT Page 1655 special defense the defendant alleges that the plaintiffs' claim for uninsured motorist benefits is barred because the plaintiffs have failed to comply with a provision in the parties' policy which requires the plaintiffs to prove by competent evidence "other than the testimony of the person making a claim under the policy," that a force and run accident which involved no physical contact caused the plaintiffs to sustain their alleged injuries.
By way of the instant motion (#106), the plaintiffs seek to strike the defendant's third and fourth special defenses. The plaintiffs argue that the third special defense is legally insufficient because an operator's negligent operation of a vehicle cannot be imputed to a passenger in that vehicle. The plaintiffs also argue that the fourth special defense is legally insufficient because such a defense is void as a matter of law pursuant to Keystone v. Raffile, 225 Conn. 223, 622 A.2d 564
(1993).
The negligence of the operator of a vehicle is not imputable to the passenger of that vehicle. Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984), citing Sampson v. Wilson, 89 Conn. 707, 709, 96 A. 163 (1915). In the third special defense the defendant does not allege that the plaintiff passenger, Maissa Nabelsi, was in control of the plaintiffs' vehicle or was contributorily negligent in any other respect. The third special defense in which the defendant alleges that the negligence of the operator of the vehicle, Mohammed Nabelsi, proximately caused Maissa Nabelsi's injuries is not a defense to Maissa Nabelsi's claim for uninsured motorist benefits, as the alleged negligence of the plaintiff operator cannot be imputed to the plaintiff passenger. See Fogarty v. Rashaw, supra, 445. The plaintiffs' motion to strike the third special defense is granted.
The plaintiffs argue that the defendant's fourth special defense is void as a matter of law. In Keystone v. Raffile, supra, the court rejected the requirement that in a single vehicle "force and run" collision a claimant of uninsured motorist benefits must provide corroborative testimony which is independent of the claimant's own testimony. Id., 231. The court based its holding on the ground that the "corroborative evidence" requirement was contrary to public policy and the legislative purpose behind the uninsured motorist statutes. Id. "The burden of proving by a preponderance of the evidence that CT Page 1656 an accident occurred because of an unidentified vehicle provides sufficient assurance of the validity of the claimant's allegations." Id., 237. However, in so ruling, the court did not address the issue that is presently before this court; namely, whether a "corroborative evidence" requirement which arises pursuant to the terms of an insurance policy would be contrary to public policy and void as a matter of law.[1]
The court in Keystone v. Raffile did indicate in the following excerpts that a "corroborative evidence" requirement is contrary to public policy.
 "Other jurisdictions, however, have rejected both a physical contact and a corroboration requirement as contrary to public policy and untenably contrary to the legislative purpose behind uninsured motorist statutes. See Lanzo v. State Farm Mutual Auto Ins. Co., 524 A.2d 47, 50 (Me. 1987); Perez v. American Bankers Ins. Co., 81 N.J. 415, 419, 409 A.2d 269 (1979) (imposition of the requirement of corroboration in noncontact cases adds a substantial condition to the mandated coverage not sanctioned by the legislature); Pin Pin H. Su v. Kemper Ins. Cos./American Motorists Ins. Co., 431 A.2d 416, 419 (R.I. 1981). These jurisdictions burden the claimant with the same evidentiary standard of proof as in traditional civil actions. We choose to join this latter group. " Id., 231.
 "It is well established that the public policy derived from the uninsured motorist legislation is that `every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance. Insurance companies are powerless to restrict the broad coverage mandated by the statute.' Harvey v. Travelers Indemnity Co., 188 Conn. 245, 249, 449 A.2d 157 (1982)." Id., 232.
"Elevating the standard of proof in CT Page 1657 non-contact uninsured motorist cases would not only expand the standard for fraud to any situation in which there is the potential for fraud, but would be contrary to the public policy behind the uninsured motorist legislation." Id., 237.
It is a general principle of law that contracts which violate public policy are unenforceable and void. See Blancato v. Feldspar Corporation, 203 Conn. 34, 522 A.2d 1235 (1987); Casanova Club v. Bisharat, 189 Conn. 591, 458 A.2d 1 (1983); Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,446 A.2d 799 (1982).
The defendant in its fourth special defense seeks to use the "corroborative evidence" clause contained in its insurance policy to bar the plaintiffs' claims for uninsured motorist benefits. Since a requirement of "corroborative evidence" to support a claim for uninsured motorist benefits is violative of public policy as defined in Keystone v. Raffile, supra, the defendant's fourth special defense cannot constitute a legally sufficient defense to the plaintiffs' claims.
Therefore, the plaintiffs' motion to strike the defendant's fourth special defense is also granted.
BALLEN, J.