[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
This was was an action brought pursuant to General Statutes § 13a-149[1] seeking money damages for personal injuries caused by a defective sidewalk. The case was tried to a jury which returned a verdict for the plaintiff in the amount of $75,000.00. The court accepted the verdict. The defendant City of Bridgeport has timely moved to set aside the verdict.
The jury could reasonably have found the following facts. On June 3, 1991, the plaintiff was a pedestrian crossing Sherwood Avenue near its intersection with Laurel Avenue. As she was walking onto the sidewalk of Laurel Avenue, one of her feet landed on the metal cover of a sidewalk well.[2] The metal cover came off as she stepped on it. Both of the plaintiff's legs fell into the well, injuring her. The previous day, employees of the city of Bridgeport had removed the metal cover to clean out the well.
General Statutes § 52-228b provides: "No verdict in any civil action involving a claim for money damages may be set aside except CT Page 2372 on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court." Section 320 of the Rules of the Superior Court provides in relevant part that motions to set aside a jury verdict "shall state the specific grounds upon which counsel relies." The motion here states six grounds on which the defendant claims the verdict should be set aside. No other grounds having been claimed during the oral argument on the motion or in a supporting brief, the court will limit its decision to those six grounds. Poisson v. QualityElectrical Contractors, 29 Conn. App. 151, 155, 612 A.2d 1232
(1992); Kegel v. McNeely, 2 Conn. App. 174, 179, 476 A.2d 641
(1984).
 I
The first ground of the motion to set aside the verdict is that "[t]he [c]ourt did not instruct the jury on the [d]efendant's [sic] standard of care on the grassy area as set forth in the [d]efendant's supplemental jury instruction. . . ." The court understands the defendant's reference to "defendant's standard of care" to be a misstatement in which the defendant intended to refer to the plaintiff's standard of care.
"Although a trial judge may set aside a verdict for misstatements in his charge to the jury, this must be done with great caution, and only if he is entirely satisfied, upon an authoritative or statutory basis, that he has committed unmistakable error that has caused unquestionable harm. Gaul v.Noiva, 155 Conn. 218, 220, 230 A.2d 591 (1967); Brunetto v. RoyalExchange Assurance Co., 126 Conn. 569, 572, 13 A.2d 138 (1940)."Sciola v. Shernow, 22 Conn. App. 351, 360, 577 A.2d 1081 (1990), cert. denied, 216 Conn. 815, 580 A.2d 60 (1990).
At trial, the defendant filed a "supplemental; proposed jury instruction" subtitled "sidewalk and grass area" containing several legal principles.[3] The court charged the jury substantially in accordance with that requested instruction. "[A] refusal to charge in the exact words of a request is not error if the requested charge is given in substance." State v. Boone, 15 Conn. App. 34,56, 544 A.2d 217, cert. denied, 209 Conn. 811, 550 A.2d 1084
(1988). "`The court is under no duty at any time to charge in the exact language requested. . . . Failure to charge precisely as proposed by a defendant is not error where the point is fairly covered in the charge. . . . Instructions are adequate if they give CT Page 2373 the jury a clear understanding of the issues and proper guidance in determining those issues. `(Citations omitted.) Tomczuk v.Alvarez, 184 Conn. 182, 190, 439 A.2d 935 (1981); State v.Commerford, 30 Conn. App. 26, 32, 618 A.2d 574, cert. denied,225 Conn. 903, 621 A.2d 285 (1993)." Elliot v. Sears, Roebuck Co.,30 Conn. App. 664, 668, 621 A.2d 1371 (1993), affirmed, 229 Conn. 500,642 A.2d 709 (1994).
The court did not charge in accordance with a portion of that request which stated: "The place where the plaintiff fell was not a portion of the highway ordinarily used and designed for travelers but was a grass plat devoted to ornamentation; he had a right to cross it, but he was not entitled to assume that it would be free of such obstructions as are ordinarily incident to such use.Corcoran v. New Haven, 108 Conn. 63, 66, 142 A. 569 (1928)."
"It is established law that it is error for a court to submit to the jury an issue which is wholly unsupported by the evidence."Wassell v. Hamblin, 196 Conn. 463, 470-71, 493 A.2d 870 (1985). Here, there was no evidence that "the place where the plaintiff fell was not a portion of the highway ordinarily used and designed for travelers but was a grass plat devoted to ornamentation. . . ." This case was far more analogous to Angelillo v. Meriden, 136 Conn. 553,555-556, 72 A.2d 654 (1950), which distinguished and limitedCorcoran.
 II
The defendant's next two grounds may be treated as one. The defendant claims that "[t]he [c]ourt improperly permitted evidence of additional injuries above and beyond those disclosed in the statutory notice, as required by Connecticut General Statutes [§]13a-149", and that "[t]he [c]ourt erred in allowing submission into evidence and testimony by the [p]laintiff as to the injury to the shoulder are without proper and sufficient notice to the City regarding this alleged injury."
General Statutes § 13a-149 provides in pertinent part: "No action for any such injury [caused by a defective highway] shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. CT Page 2374 . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." (Emphasis added.)
The plaintiff's notice was given by her attorney and stated in substance: "Please be advised that this office represents Mrs. Ortiz who fell and was injured due to the defective manhole located at the corner of Laurel Avenue and Sherwood Avenue in Bridgeport, Connecticut. Mrs. Ortiz fell at approximately 8:30 a.m. on June 3, 1991. As a result of her fall, Mrs. Ortiz suffered injuries to her lower extremities." When she later commenced this action, the plaintiff's complaint alleged injuries to her cervical spine, left shoulder, `"great pain and mental anguish" and "severe shock to her entire nervous system" as well as injuries to her legs.
"Th[e] requirement as to notice was not devised as a means of placing difficulties in the path of an injured person." LoRusso v.Hill, 139 Conn. 554, 557, 95 A.2d 698 (1953). "The notice need not be expressed with the fullness and exactness of a pleading, but its intended purpose as required by the statute is to furnish `the recipients such available information as is calculated to assist them in self-protection. [Its] sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice.' Delaney v.Waterbury Milldale Tramway Co., 91 Conn. 177, 181, 99 A. 503. More specifically with reference to the injury, a generaldescription which will apprise the recipient of the nature of it issufficient; and the extent of the burden of furnishing information upon that subject is to be determined by the circumstances of thecase and with the view that this burden is not to be `unreasonably increased by a demand for information which . . . could not reasonably be expected.' Cassidy v. Southbury, 86 Conn. 45, 49,84 A. 291." Flynn v. First National Bank Trust Co., 131 Conn. 430,433, 40 A.2d 770 (1944).
"[T]he circumstances of the case" here are that the plaintiff fell into a hole in the walkway on which the metal cover should have been secured. Her immediate injury was to her legs which fell into the hole. She sustained no broken bones. Her notice to the city indicates that she injured her legs. This is not a case like CT Page 2375Main v. North Stonington, 127 Conn. 711, 712-713, 16 A.2d 356
(1940), where the notice simply stated that the plaintiff "got hurt", nor like Marino v. East Haven, 120 Conn. 577, 580,182 A. 225 (1935), in which the notice stated that the plaintiff "fell and was injured", nor like Mascagna v. Derby, 123 Conn. 684, 192 A. 728
(1937), where the notice stated that the plaintiff "was taken in the ambulance" to the hospital but "did not know the full extent of my injuries". Here there was a general description, albeit a very general description, of the plaintiff's injuries. The term "lower extremities" is well known in our case law. See Minnelli v. Poulos,166 Conn. 173, 348 A.2d 673 (1974); Quednau v. Langrish, 144 Conn. 706,709, 137 A.2d 544 (1957); Preston v. Keith, 20 Conn. App. 656,659, 570 A.2d 214 (1990); Farrish-LeDuc v. Dunagan, Judicial District of Stamford-Norwalk, No. CV 89 0102540 (1993 Ct. Sup. 7255, 7258) (Aug. 13, 1993); DeVito v. DeVito, Judicial District of Stamford-Norwalk, No. FA91 0116648 (1992 Ct. Sup. 3958, 3959) (Apr. 29, 1992); Robinson v. Ratcliffe, Superior Court, Judicial District of Litchfield, No. 051051 (1991 Ct. Sup. 933, 934) (Jan. 24, 1991);Mason v. Mason, Superior Court, Judicial District of New Haven, No. 300662 (1991 Ct. Sup. 9485, 9492) (Nov. 8, 1991). An extremity is a limb and the term "lower extremities" refers to the legs. See 2 Schmidt, Attorneys' Dictionary of Medicine (1988), E-174 (extremity). Since the notice contained a general description of the plaintiff's injuries it satisfied the literal requirement of the statute. This is not a case where the plaintiff gave notice that she hurt her leg, suggesting a less than catastrophic injury, and then sued alleging quadriplegia. The defendant has not disclosed, and the court cannot divine, how the defendant would have differently handled this matter had the plaintiff's notice added the words "shoulder injury". To grant the defendant's motion on this ground would require this court to overrule Flynn and to hold that the notice indeed must "be expressed with the fullness and exactness of a pleading" and to acknowledge that the notice requirement indeed is "a means of placing difficulties in the path of an injured person" contrary to the statement in LoRusso v. Hill,
supra, 139 Conn. 557.
Even if it were necessary for the plaintiff to rely on the "savings clause" of General Statutes § 13a-149, the jury could have found that there was no intention by the plaintiff to mislead the defendant and that the defendant was in fact not mislead. The immediate injury to the plaintiff was to her legs, which fell into the hole. While the plaintiff testified that her shoulder had begun to trouble her before the date of the notice sent by her attorney, there were only a very few days between the occurrence of the CT Page 2376 shoulder pain and the date of the notice. The jury was instructed that it could base its findings on circumstantial evidence and could draw reasonable inferences. The jury could have inferred that when she communicated her injury to her attorney, who authored the notice, her most immediate and evident injury was to her legs, and that the omission in mentioning her shoulder was due to the delay between that communication, the preparing of the notice and its mailing to the defendant.
Beyond this, it was the court's impression and no doubt the plaintiff's belief as well, that this issue had been resolved by a compromise jury charge to which both parties consented. The substance of that charge was as follows: "If you find that by not including the information about injuries other than [to] the lower extremities that the plaintiff deliberately mislead the defendant then you must find that the notice requirement was not met by the plaintiff with respect to those other parts of her body and you would not award damages for those other injuries."[4] "By failing to take an exception to the court's charge to the jury," and in fact by expressly consenting to that charge, the defendant "accepted the instructions as the law of the case. Lengel v. New Haven Gas Light Co., 142 Conn. 70, 77, 111 A.2d 547 (1955)." A-G Foods, Inc.v. Pepperidge Farm, Inc., 216 Conn. 200, 212,579 A.2d 69 (1990); see Tough v. Ives, 162 Conn. 274, 286-287,294 A.2d 67 (1972).
 III
The defendant next claims that "[t]he [p]laintiff did not plead the savings clause, and therefore evidence and testimony beyond that in the notice should not have been permitted. . . ."
Although the plaintiff did not cite General Statutes § 13a-149
in her complaint, it was abundantly clear that her action was brought pursuant to that statute. The defendant has never claimed that it had any doubt as to the nature of the action. While the statute should have been cited in her complaint pursuant to Practice Book 109A(a),[5] that section is directory, not mandatory.Rowe v. Godou, 12 Conn. App. 538, 542, 532 A.2d 978 (1987), affirmed in relevant part, reversed on other grounds, 209 Conn. 273,275, 550 A.2d 1073 (1988). The entire statute consists of but five sentences in a single paragraph. See note 1, supra. There is no Practice Book requirement that a party plead a "clause" in a statute. Especially in the absence of any showing that the defendant was surprised or misled, this court does not find that CT Page 2377 the plaintiff was required to plead the "savings clause", the last sentence of General Statutes § 13a-149. Hanover Ins. Co. v.Fireman's Fund Ins. Co., 217 Conn. 340, 345, 586 A.2d 567 (1991);Todd v. Glines, 217 Conn. 1, 10, 583 A.2d 1287 (1991); compare Goldv. University of Bridgeport School of Law, 19 Conn. App. 379, 382,562 A.2d 570 (1989), cert. denied, 213 Conn. 801, 567 A.2d 832
(1989); Sidney v. DeVries, 18 Conn. App. 581, 586, 559 A.2d 1145
(1989), affirmed, 215 Conn. 350, 575 A.2d 228 (1990).
 IV
The defendant claims that "[t]he [c]ourt erred in not submitting a proposed jury questionnaire to the jury to preserve the [d]efendant's right for appeal. . . ."
Practice Book § 312 provides: "The court may submit to the jury interrogatories for the purpose of explaining or limiting a general verdict, which shall be answered and delivered to the clerk as a part of the verdict. The clerk will take the verdict and then the answers to the several interrogatories, and thereafter he will take the court's acceptance of the verdict returned and the questions as answered, and proceed according to the usual practice. The court will not accept a verdict until the interrogatories which are essential to the verdict have been answered."
"The rules of practice do not specify when interrogatories should be filed. See Practice Book § 312. Since interrogatories normally must be explained to the jury in the charge, the time limit for filing requests to charge in Practice Book § 317,[6]
`before the beginning of the arguments or at such earlier timeduring the trial as the court directs" is appropriate. This has been the usual practice." (Emphasis added.) Pedersen v. Vahidy,209 Conn. 510, 515, 552 A.2d 419 (1989). This is the rule since "interrogatories are not vacuous words, but words which are amplified and defined in the charge." Norrie v. Heil Co., 203 Conn. 594,605, 525 A.2d 1332 (1987).
The trial commenced on February 22, 1995. The court directed the parties to file their requests to charge during the trial, no later than the morning of February 23, 1995. The defendant did file requests to charge during the afternoon of that day which the court considered. The court held a charge conference with counsel at no time during which the defendant's attorney suggested that he would be filing jury interrogatories. Those proposed interrogatories were handed to the court immediately before the court called the jury CT Page 2378 out of the jury room for closing arguments. Therefore, the defendant's proposed jury interrogatories were clearly untimely. Since the court did not have the opportunity to study those interrogatories in any depth, it need not be determined whether, in the exercise of its discretion, it would even have submitted them to the jury had they been timely filed. Ballou v. Jewitt CitySavings Bank, 128 Conn. 527, 533, 24 A.2d 502 (1942); Decker v.Roberts, 126 Conn. 478, 483, 12 A.2d 541 (1940); Morgan v.Marchesseault, 117 Conn. 607, 611, 169 A. 609 (1933); see alsoHartford v. Anderson Fairoaks, Inc., 7 Conn. App. 591, 595,510 A.2d 200 (1986)("the trial court has broad discretion regarding the number and content of such interrogatories.").
 V
The defendant next claims that "[t]he [c]ourt repeated in its jury charge that the [p]laintiff's witness Mrs. Snow [sic] testified concerning the City trucks working on the sewer drain in question, on the day before the accident. Said reference to Mrs. Snow's [sic] testimony was repeated three times, and substantially prejudiced the [d]efendant by lending undue weight to Mrs. Snow's [sic] testimony."
Robin Stowe was called to testify by the plaintiff. She testified that at the time of the plaintiff's injury she lived in an apartment located at the intersection of Laurel Avenue and Sherwood Avenue in Bridgeport, the intersection at which the plaintiff was injured. Stowe testified that in early June 1991, on or about the day before the plaintiff was injured, she saw from her apartment window workers from the city of Bridgeport removing the cover of the sidewalk well where the plaintiff was injured, using a hose and cleaning the sidewalk well. She saw nothing wrong with the sidewalk well after the city truck used by the workers departed and would have reported a problem to the city had she seen one.
"A charge cannot be given in the abstract without reference to the evidence sufficient to provide guidance to the jury in arriving at a just result. See Shelnitz v. Greenberg, 200 Conn. 58, 72,509 A.2d 1023 (1986). The jury instructions must assist the jury in `applying the law correctly to the facts which they might find to be established.' Jacques v. Carter, 2 Conn. App. 27, 33,476 A.2d 621 (1984). The charge must `go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven.' State v. Sumner, 178 Conn. 163, 170-71, 422 A.2d 299
CT Page 2379 (1979). It must be viewed in the context of the factual issues raised at the trial. State v. Kurvin, 186 Conn. 555, 558,442 A.2d 1327 (1983). The judge may not simply `"lay down the general principles applicable to a case and leave the jury to apply them, but it is his duty to inform the jury what the law is as applicable to the facts of the case."' Jacques v. Carter, supra, 34, quotingLaukaitis v. Klikna, 104 Conn. 355, 360, 132 A. 913 (1926)." Statev. Wolff, 29 Conn. App. 524, 531-532, 616 A.2d 1143 (1992).
On the other hand "[t]he court's review of the evidence in its charge to the jury is subject to the overriding consideration that its comments be fair and that they not mislead the jury, so that injustice is not done to either party." Anderson McPadden, Inc.v. Tunucci, 167 Conn. 584, 589, 356 A.2d 873 (1975). "`It is within the discretion of the court to make reasonable comments on or reference to the evidence . . . but in so doing, it should be careful to avoid any misstatement of the facts or evidence.'" (Internal citations omitted.) Bruneau v. Quick, 187 Conn. 617, 627,447 A.2d 742 (1982).
"In assessing a claim such as that made in this case by the defendant . . . the rule [is] that the `court's review of the evidence in its charge to the jury is subject to the overriding consideration that its comments be fair and that they not mislead the jury, so that injustice is not done to either party. . . . Within constitutional limitations concerning trial by jury, the nature and extent of the trial court's comments on the evidence must largely depend on the facts involved in a particular case and the manner in which it has been tried. . . . While a trial court has not only the right but often the duty to comment upon the evidence . . . it is not licensed to `indulge in an argumentative presentation of the claims of one side.' . . . In a word, `"[i]nstructions should not be so drawn as to direct the attention of the jury too prominently to the facts in the testimony on one side of the case, while sinking out of view, or passing lightly over portions of the testimony on the other side which deserve equal attention."'" Bruneau v. Quick, supra. 187 Conn. 627-628; seeGiannitti v. Stamford, 25 Conn. App. 67, 73, 593 A.2d 140, cert. denied, 220 Conn. 918, 597 A.2d 333 (1991).
The court's charge clearly did not approach, let alone cross, this line. The court did not dwell on Stowe's testimony. It would have been difficult, if not impossible, however, to provide the jury with a "clear and understandable" charge; Giannitti v.Stamford, supra, 25 Conn. App. 74; on the issue of constructive CT Page 2380 notice without relating Stowe's testimony to the law on that issue. Notably, it is the undersigned's recollection, albeit unrefreshed by the transcript, that the charge at that point interrelated the law of constructive notice, the jury's right to draw reasonable inferences, and Stowe's testimony, but the court did so in the negative. That is, it stated that the jury could not find for the plaintiff on the issue of constructive notice unless it drew inferences from Stowe's testimony.
Moreover, in its charge, the court repeatedly reminded the jury that it was the finder of fact and that the court's reference to facts was only for the purpose of explaining the application of the law, and that the jury was in no way bound by the court's reference to testimony.[7] See Bruneau v. Quick, supra, 187 Conn. 629;Luciani v. Stop Shop Cos., 15 Conn. App. 407, 415,544 A.2d 1238 (1988).
The motion to set aside the verdict is denied.
 VI
The complaint in this action was filed with the court on May 24, 1993. On April 20, 1994, the plaintiff filed an "offer of judgement" in which, with impressive prescience, she offered to settle the action for the sum of $75,000. The defendant did not accept that offer. On February 24, 1995, $75,000 was exactly the amount of the jury's verdict which was accepted by the court. Therefore, pursuant to General Statutes § 52-192a,[8] the plaintiff is awarded interest on the verdict from the date of the filing of her complaint in the amount of $14,250.00.
Judgment may enter in the amount of $89,250.00 plus costs.[9]
BY THE COURT
Levin, J.