MARY PINAGLIA ET AL. *v.* JOSEPH BEAULIEU

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 114767
AT NEW HAVEN

Memorandum filed January 27, 1969

*Richard L. Jacobs,* of New Haven. for the plaintiffs.

*Cotter, Cotter & Sohon,* of Bridgeport, for the defendant.

PARSKEY, J. The issue presented by this demurrer is whether the negligence of the driver of a family car may be imputed to the owner-occupant. It is the court's considered opinion that the answer to this question is "No."

To start with, vicarious liability runs counter to the accepted principle that a man is held responsible only for his own actions and not for those of another. If an individual, himself without fault, is to be held vicariously liable, it must be because it is right as a matter of public policy to shift the economic burden. Whatever the judicial rationalization from time to time, it is the search for the deep pocket which holds the master responsible for the negligence of his servant, the owner for the negligence of the driver of the family car, the lessor of an automobile for the negligence of the lessee. The objective in all of these cases is to give an injured plaintiff an economically meaningful recovery.

When, on the other hand, the issue is contributory negligence, there are no sound public policy considerations which should bar a faultless passenger from recovering from a tort-feasor merely because he owns the car in which he is riding. The trend in such situations is to permit recovery. In a 180-degree change of direction, the Restatement now declares as a general principle that a plaintiff is not barred from recovery by the negligent act or omission of a third person. Restatement (Second), 2 Torts § 485. The only exceptions are the employer-employee situation, some areas of the joint enterprise situation, and the case involving the failure of a parent to control a child. Even these exceptions are being subjected to attack. Prophetically, many years ago the erosion and ultimate discard of the doctrine of imputed negligence were predicted. Lessler, "Imputed Negligence," 25 Conn. B.J. 30. The movement in that direction continues to this day. In *Weber* v. *Stokely-Van Camp, Inc.*, 274 Minn. 482, the Minnesota Supreme Court refused to impute negligence in the master-servant situation.

It is claimed that in the family car situation a distinction is drawn between those cases where the family car doctrine is based on the general right to control and those, in our own state, where the doctrine is based on agency. *O'Keefe* v. *Fitzgerald*, 106 Conn. 294, 298. This assumes that matters of substance are to be decided not on the basis of their intrinsic qualities but rather by resort to slogans, maxims or name tags. The doctrine of respondeat superior applies because of the relationship of master and servant. This relationship exists wherever the master has the right of general control over the servant. *Thompson* v. *Twiss*, 90 Conn. 444, 447. If, therefore, there is a difference in substance between a family car doctrine based on con-

trol and one based on agency, the distinction is obscure. See Lessler, supra, 49.

It is also claimed that all parties ought to be treated equally. The same rules should apply, it is said, to plaintiffs and defendants. This view assumes that the end of law is symmetry and not justice. Although logic might dictate the both ways test, the "life of the law has not been logic: it has been experience"; Holmes, The Common Law, p. 1; and experience teaches that the objectives served by imposing liability are not the same as those for barring recovery. If the discard of the doctrine of imputed negligence in this instance means that the bastion itself must fall, then let it fall.

The demurrer is sustained.