MARTIN BARTZ, SR., AND RICKEY JOE BARTZ

*v.*

JOHN WHEAT

(No. 14367)

Decided January 15, 1982.

Barnes, Watson, Cuomo, Hinerman & Fahey, William T. Fahey and Fred Risovich, II, for appellants.

*William J. Moore, James M. Sturgeon, Jr., Pauley, Curry & Thaxton and Arden J. Curry, II,* for appellee.

NEELY, JUSTICE:

This case presents the question of whether a defendant in an automobile accident case may use the family purpose doctrine to impute the contributory negligence of the driver of the plaintiff's vehicle to the plaintiff-owner to bar recovery for damages to the car by the plaintiff. We hold that, consistent with the purposes behind our family purpose doctrine, he may not.

On 1 August 1974 Rickey Joe Bartz was riding a motorcycle owned by his father, Martin Bartz, Sr., on Route 67 in Brooke County. Rickey was following a car

driven by John Wheat when he noticed that the car was slowing down. As Rickey tried to pass to the left, Mr. Wheat turned to the left. In the immediately ensuing accident Rickey severely injured his left foot, and the motorcycle was virtually destroyed.

Rickey and his father brought suit against Mr. Wheat in the Circuit Court of Brooke County. In its verdict the jury awarded $900.00 to the father, Martin Bartz, Sr., but denied any recovery to the son, having found his actions to constitute contributory negligence. After a flurry of motions by both sides for judgment notwithstanding the verdict, new trial, etc., the circuit court entered an order affirming the jury's verdict with respect to the son but setting aside the jury's verdict in favor of the father. In a memorandum supporting the order, the court cited the family purpose doctrine as precluding recovery by the father in this instance. From this order, the appellants, Rickey and Martin Bartz, appeal.

## I.

"This State is committed to and has repeatedly followed the family purpose doctrine." *Bell v. West*, No. 14356 (W.Va. Dec. 9, 1981). Essentially, the family purpose doctrine provides that the owner of a motor vehicle purchased or maintained for the use or enjoyment of his family is liable for injuries caused by the negligent driving of that vehicle by any member of his family. *See Freeland v. Freeland*, 152 W.Va. 332, 162 S.E.2d 922 (1968); *Watson v. Burley*, 105 W.Va. 416, 143 S.E. 95 (1928). In *Freeland, supra,* Justice Caplan explained the purpose of the doctrine in West Virginia: "Were not liability incurred by the owner of the automobile in such circumstances, an innocent victim of the negligence of a financially irresponsible driver would be entirely without recourse." 152 W.Va. at 336, 162 S.E.2d at 925.

As implied by Justice Caplan and as employed in previous cases in this State, the family purpose doctrine is a rule which protects plaintiffs. However, in this case the defendant has sought to use it to shield himself from

liability to Martin Bartz. The issue of whether the doctrine may be so used in West Virginia is one of first impression in this Court. Therefore, we shall examine how the issue has been addressed in other jurisdictions.

While courts in other jurisdictions have split on whether a driver's contributory negligence bars recovery by the owner, *e.g.*, *Mertz v. Weibe*, 180 N.W.2d 664 (N.D. 1970) (owner may recover); *Pinaglia v. Beaulieu*, 28 Conn. Supp. 90, 250 A.2d 522 (1969) (owner may recover); *Ustjanauskas v. Guiliano*, 26 Conn. Supp. 387, 225 A.2d 202 (1966) (owner may not recover); *Russell v. Hamlett*, 261 N.C. 603, 135 S.E.2d 547 (1964) (owner may not recover), we find that the better-reasoned approach has been articulated by courts that have limited the family purpose doctrine to its traditional use as a plaintiff's rule.

In those cases courts have found the attempted use of the doctrine by defendants to be inconsistent with the purpose behind the doctrine. They have therefore disallowed such use by defendants. In *White v. Yup*, 85 Nev. 527, 458 P.2d 617 (Nev. 1969), the plaintiff was injured in a car driven by her husband. She brought suit against the driver of the other car for personal injuries and the wrongful death of her eight-month-old fetus. When it was determined that her husband's conduct could constitute contributory negligence, the trial court instructed the jury that such negligence would be imputable to her. On appeal the Supreme Court of Nevada found the instruction to be erroneous and concluded:

> The origin, use, and standard definitions of the family purpose doctrine provide ample evidence that the rule is primarily a plaintiff's device. We reject any attempt to use the doctrine as a defense technique to impute a family member's contributory negligence to the family car owner or a member of the family who as plaintiff is seeking to recover personal or property damages arising when a defendant's automobile collides with a plaintiff's family purpose car. 458 P.2d at 619.

In *Wenisch v. Hoffmeister*, 168 Ind. App. 247, 342 N.E.2d 665 (1976), a case factually similar to the one before us, an Indiana Court of Appeals permitted the father-owner to bring a suit after an accident in which his son had been contributorily negligent. Though Indiana, like a growing number of states, *see* Annot., 8 A.L.R.3d 1191 (1966), no longer has the family purpose doctrine, it has a statute that imputes liability for damages caused by a minor driving a motor vehicle to the parent or guardian who signed the minor's driver's license. The court cited several cases in other jurisdictions to substantiate its interpretation of the statute as being one which mandated the imputation of liability, not the imputation of negligence.

We agree with the reasoning behind the decisions which disallow imputed negligence and find that the analysis is applicable to our family purpose doctrine. Where, as in West Virginia, the family purpose doctrine was initially formulated and has been consistently applied to permit a plaintiff to recover from a financially responsible party, the doctrine should not be used to impute negligence to the owner to bar his recovery. *See also* Restatement (Second) of Torts § 486 Comment d (1977). In the case before us Martin Bartz, as owner of the motorcycle and father of its driver, should not have been barred by the family purpose doctrine from receiving recovery from the defendant John Wheat for damages to his motorcycle.

This decision may seem to contradict previous analogies made by the Court comparing our family purpose doctrine to the law of agency. *See, e.g., Freeland, supra.* Under the law of agency, the contributory negligence of an agent would bar recovery by the principal. *Divita v. Atlantic Trucking Co.*, 129 W. Va. 267, 40 S.E.2d 324 (1946). We note that the purpose of agency law is to make the person who benefits from the agent's actions accountable for his mistakes. There is no such rationale behind the family purpose doctrine. Liability is imputed to the vehicle's owner only as a means of bettering the chances of financial recovery for the plaintiff. While the agency analogy may be helpful in some instances for understanding the family purpose doctrine, we should not feel

constrained by agency labels, attached largely for pedagogical reasons, to give the doctrine characteristics which are not necessary to its peculiar role in our law.

Accordingly for the reasons set forth above the judgment of the Circuit Court of Brooke County is reversed and the verdict of the jury is reinstated.

*Reversed; jury verdict reinstated.*