STEPTOE, JUDGE:
*106 This is a claim against the Division of Highways (hereinafter “Highways”) in which the claimant, John Edwards, as next friend and father of Eva L. Edwards, a minor, alleges that two motor vehicles were damaged on December 25, 1989, as a proximate result of the negligence of Highways in maintaining Route 97, in Wyoming County, West Virginia, at a point in said road approximately 1/8 mile north of its intersection with West Virginia Secondary Route 9/5.
It appears from the evidence adduced herein on February 26, 1992, that Eva L. Edwards was married at some time after the accident and is not Eva L. Bailey, and she will henceforth be known, in this proceeding, as “Bailey”.
It further appears from the evidence that the first motor vehicle damaged in the accident on December 25, 1989, was a 1986 Chevrolet Cavalier and was the separate property of John Edwards, the father of Bailey, and that the second vehicle damaged in the accident, a parked car struck in said accident by the Bailey car, was then owned by one Jeffrey Porter, who is not a party to this proceeding.
It appearing to the Court that Bailey sustained no property damage or personal inj uries in the accident of December 25,1 989, and that she had no claim in her own right, and that John Edwards was the owner of the motor vehicle driven by Bailey, which sustained damage in said accident, it is ordered John Edwards be and he is hereby substituted for Bailey as claimant in this proceeding.
At or shortly before 7:00 p.m., on Christmas Day, 1989, Bailey was en route to her home, driving her father’s car in a westerly direction on Route 7. It was dark and cold and a light snow was falling, bailey was some two or two and one-half car lengths behind a car operated by Clayton E. Webb, and both cars were proceeding at about 30 to 35 miles per hour. Webb’s car hit ice on the road, and he touched his brake lightly, activating his taillight, but released it immediately because of the appearance of an oncoming car, and was able to maintain control of his car. Bailey, on seeing the taillight signal on Webb’s car, put on her brake, and her car went out of control and hit and damaged a nearby car owned by Jeffrey Porter, parked on the south side of Route 7. There were no personal injuries. Damage to the Edwards car was $3,140.67. The evidence is not clear as to the amount of damages to the Porter car, but it was established the Edwards paid Porter $650.00 to settle Porter’s claim in full. Edwards’ claim, therefore, is for $3,790.67.
The claimant maintains that his car was damaged when it went out of control upon hitting ice on the highway, that the Division of Highways was negligent by reason of its failure to remove the ice, and that its negligence was the proximate cause of the accident.
Respondent alleges that it was not negligent, that Bailey was negligent, and that Bailey’s negligence equaled or exceeded that of the respondent, if any.
The Court will first address the defense that Bailey’s negligence equaled or *107 exceeded that of the respondent. Such a defense would, if proven, be recognized by this Court if Bailey had been the owner of the car she was driving and if she were the claimant. She was not, however, as we have observed, the owner of the car, and is not the claimant; furthermore, her own negligence in the operation of her father’s car, if any, is not to be imputed to her father, Edwards, who is now recognized in this proceeding as the claimant. Bartz v. Wheat, 169 W.Va. 86, 285 S.E.2d 894 (1982); see also Prosser and Keeton on Torts (5th ed. 1984), page 526.
We are left with two defenses; 1) that the respondent was not negligent, and 2) that the negligence of Bailey was the sole proximate cause of the accident.
The Court makes the following findings of fact on the basis of the evidence adduced by or on behalf of the parties, Edwards and the Division of Highways:
1) Snow in appreciable quantity fell in the area of the accident on December 19, and possibly on December 20, 1989;
2) According to respondent’s records, respondent promptly activated its snow removal and ice control plan, and on December 19th, scrapped snow and ice from Route 97, in the area where the accident later took place, and applied abrasives to that area;
3) Respondent’s records disclose that it continued snow removal and ice control on nearby secondary roads, on December 20th; no work records were produced by respondent which would indicate that it treated Route 97, from December 19th until after 8:00 p.m. on December 25th, after the accident in which the Edwards car was damaged.
4) There was ice on the surface of Route 97 at and immediately before the accident of December 25, 1989, which had its inception in the snowfall of December 19, 1989, which had not been removed by respondent, and which at all times during said period constituted a danger at persons using said public road and which the respondent had a continuing duty to remove or otherwise neutralize;
5) There is testimony of a hearsay nature, to which respondent did not object, that unidentified individuals living in the immediate vicinity of the accident had called respondent’s agents and reported the icy condition of the highway; respondent had no record of such calls; Route 97 was and is a primary road in Wyoming County, West Virginia, must traveled by automobile and commercial vehicles;
6) The accident in question would not have occurred if there had been no ice on the road at the time and place of the accident;
7)At the time of the accident, Edwards had a liability insurance policy on the car *108 operated by Bailey, which would have covered the loss sustained by Porter in the amount of $650.00.
The Court makes the following conclusions of law:
1) Respondent was negligent in failing to remove from a primary public road a traffic hazard known to it or which should have been known to it over a period of six days;
2) Respondent’s negligence was a proximate cause of the damage sustained to Edwards’ motor vehicle, if not the sole proximate cause thereof;
3) Claimant Edwards is entitled to recover $3,140.67 from respondent, for damage to claimant’s motor vehicle; and
4) No award will be made to Edwards on account of the damage to the Porter vehicle, because of the Court’s consistent view that no moral obligation lies on the State to indemnify a person who can be indemnified under a policy of insurance which he owns.
Award of $3,140.67 to John Edwards.