HENRY GIBSON, Plaintiff

v.

ALAMOANA K. MULITAUAOPELE,
ALAMOANA MULITAUAOPELE, and
NATIONAL PACIFIC INSURANCE, LTD., Defendants

High Court of American Samoa
Trial Division

CA No. 19-92

August 3, 1993

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and MAILO, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima and Jill Crew
For Defendants Alamoana K. Mulitauaopele and
National Pacific Insurance, Ltd.,
Aitofele T. Sunia and John L. Ward II
For Defendant Alamoana Mulitauaopele, Gata E. Gurr

Order Denying Motion for Reconsideration or New Trial:

The Opinion and Order in this case was entered on March 11, 1993. On March 22, 1993, defendant Alamoana Mulitauaopele filed a

motion for reconsideration or new trial, raising as error the imputation of the negligent operation of a motor vehicle by defendant Alamoana K. Mulitauaopele ("Mulitauaopele I") to the owner of the vehicle, his father, defendant Alamoana Mulitauaopele ("Mulitauaopele II"). Following the hearing on this motion on May 3, 1993, the court ordered a further hearing for thorough consideration of this issue, as one which was not fully argued at the trial or discussed in the opinion and order and which involved an unsettled area of the law in this jurisdiction. This second hearing on the motion was held on July 15, 1993.

## I. Family Purpose Doctrine

The owner of a vehicle may be held liable for the driver's negligence under the family purpose (or family car) doctrine. Under this doctrine, when "the head of a family owns, furnishes and maintains a vehicle for the general use, pleasure and convenience of a family, he is liable for the negligence of a member of the family having general authority to drive it while the vehicle is being so used." *Sweatt v. Norman*, 322 S.E.2d 478, 480 (S.C. App. 1984) (citing *Lucht v. Youngblood*, 221 S.E.2d 854 (S.C. 1976)); *see Parries v. Labato*, 597 P.2d 356, 361 (Or. App. 1979) (quoting *Kraxberger v. Rogers*, 373 P.2d 647, 651 (Or. 1962)); *Tolbert v. Murrell*, 322 S.E.2d 487, 489-90 (Ga. 1984) (explaining statutorily adopted "family purpose car doctrine") (quoting *Phillips v. Dixon*, 223 S.E.2d 678 (1976)). As an extension of *respondeat superior* principle of liability, the owner is liable for the negligence of a driver who is using the vehicle "with the express or implied consent of the owner for purposes of the business or pleasure of the owner's family." *Staroba v. Heitkamp*, 338 N.W.2d 640, 641 (N.D. 1983) (citing *Lauritsen v. Lammers*, 161 N.W.2d 804 (N.D. 1968)); *see Bartz v. Wheat*, 285 S.E.2d 894, 896 (W. Va. 1982) (though family purpose doctrine is analogous to agency, it has a different rationale and so cannot be used as a defense technique to bar recovery). The purpose of the family purpose doctrine is to permit an injured person to recover damages from a vehicle's owner if the driver is "financially irresponsible." *Bartz*, 285 S.E.2d at 895 (citing *Freeland v. Freeland*, 162 S.E.2d 922, 925 (W. Va. 1968); *Watson v. Burley*, 143 S.E. 95 (W. Va. 1928)); *Staroba*, 338 N.W.2d at 641-42 (citing *Michaelsohn v. Smith*, 113 N.W.2d 571 (N.D. 1962)).

Legal title to a vehicle is an important, though not necessarily conclusive, factor in determining whether a head of household is an "owner" sufficient to apply the family purpose doctrine. *See Staroba*, 338 N.W.2d at 643-44 (court did not decide whether head of household's

legal title, in itself, is sufficient to apply doctrine); *Parries*, 597 P.2d at 361 (father's title to automobile driven by son sets forth a prima facie case of agency). Other factors used in determining whether the head of a household furnished the vehicle for a family member's use include the following: (1) who paid for the vehicle, (2) who controlled the vehicle's use, (3) the intent of the vehicle's buyers and sellers, (4) the intent of the parents and child regarding who was the vehicle's owner, (5) who received delivery of the vehicle, and (6) who exercised property rights in the vehicle between the date of purchase and the date of the accident. *Staroba*, 338 N.W.2d .at 644 (quoting *Herman v. Magnuson*, 277 N.W.2d 445, 459 (N.D. 1979)). In short, an "owner" for the doctrine's purposes is one who owns, controls, has a property interest in, or supplies the vehicle. *Tolbert*, 322 S.E.2d at 490 (citing Prosser, The Law of Torts § 73 (4th ed. 1971); *Murch v. Brown*, 304 S.E.2d 750 (Ga. App. 1983)).

If the child resides with the head of household, the family purpose doctrine may still apply. Many jurisdictions hold that a child reaching the age of majority is nonetheless a family member in regards to the family purpose doctrine. *E.g.*, *Garska v. Harris*, 109 N.W.2d 529, 535 (Neb. 1961); *Cook v. Rafferty*, 93 P.2d 376, 378-79 (Wash. 1939); *Freeland*, 162 S.E.2d at 925; *Staroba*, 338 N.W.2d at 642; *Dunn v. Hemberger*, 430 N.W.2d 516 (Neb. 1988).

## II. Discussion

Families in American Samoa play a central role in its society. Similarly, its social functions are heavily influenced by the communal social structure. A large number of vehicles are on the road, and vehicles are frequently and routinely driven by various family members for purposes concerning them individually and the family-at-large. Many of these drivers do not have the financial resources to pay a negligence judgment, though the heads of the families often have adequate resources. The family purpose doctrine is thus well-suited to the conditions present in American Samoa.

The pickup truck driven by Mulitauaopele I is owned by and was driven with the permission of his father, Mulitauaopele II. The vehicle was available to be used for family purposes. Indeed, Mulitauaopele II expressly gave his son permission to drive the truck. These facts clearly place the accident within the boundaries of the family purpose doctrine.

107

Mulitauaopele II argues that his son's negligence should not be imputed to him because his son is over 18 years old. However, Mulitauaopele I still lives at his parents' residence in the Village of Lauli'i, as a member of the family. Thus, his having achieved the age of majority does not preclude the application of the family purpose doctrine.

Being appropriate for conditions in American Samoa, the family purpose doctrine is hereby adopted in this jurisdiction. Because the facts of this case clearly fit the criteria for applying the family purpose doctrine, Mulitauaopele I's negligence was properly imputed to his father, Mulitauaopele II. Therefore, Mulitauaopele II's motion for reconsideration or new trial is denied.

It is so ordered.