PER CURIAM:
The claimant, Nancy M. Williams, seeks an award of $1,013.95 from the respondent, Division of Highways, for damage to her 1984 Chevrolet Cavalier. The Notice of Claim named *176 Nancy M. Williams and Michael E. Williams as the claimants; however, the court amended the style of the claim since Ms. Williams is the sole owner of the vehicle.
The incident giving rise to this claim during the early morning hours of January 17, 1996, while Michael E. Williams was driving the claimant’s vehicle on Route 2 in Tyler County near Sistersville. At this time, driving conditions were dark, foggy, and wet. During the drive, motorists in the oncoming lane flashed their lights at Mr. Williams. Shortly thereafter, Mr. Williams slowed down because he observed two trucks parked along the opposite side of the road with their flashers on. Mr. Williams began to accelerate as he drove past the trucks when the vehicle struck a rock in the road. According to Mr. Williams, foggy conditions prevented him from seeing the rock until it was a few feet ahead of him. The rock was approximately two and one half feet long and ten inches high. Mr. Williams testified that he traveled on Route 2 five days per week from approximately fourteen months prior to the accident. Mr. Williams also stated that he had never observed any rocks on the road or falling rock signs during this time.
As a result of the collision, the claimant’s vehicle sustained damage to the oil pan, exhaust system, and suspension. An estimate from TJ Service & Body Shop indicated that the cost to repair the vehicle would total $1,013.95.
Bradley Crawford, the Tyler County maintenance supervisor for the respondent, testified that Route 2 is a top priority road and the section of road where Mr. Williams’ accident occurred is a rock fall area. Mr. Crawford was uncertain whether falling rock signs were posted in the area at the time of the accident and determined that one falling rock sign was present and one was missing at the time of his investigation.
The mountainous topography and numerous rural communities in West Virginia require the respondent to construct and maintain roads through areas which are prone to falling rocks. In these areas, the respondent has a duty to reduce the risk of harm to motorists. This duty can be fulfilled by correcting the falling rock problem when such action is feasible or by effectively warning motorist of the potential for falling rocks when correction is not feasible.
Although it is undisputed that the accident giving rise to this claim occurred in a rock fall area, there is conflicting evidence whether the area was marked with falling rock signs. After a careful review of the record, the Court finds that the respondent failed to provide motorists with sufficient warning of the potential for falling rocks where the accident occurred. The Court also finds that Mr. Williams should have been aware that a problem existed in the road, and he failed to act in a reasonable and prudent manner under the existing conditions. Therefore, it is the opinion of the Court that the respondent and Mr. Williams were both negligent.
In a comparative negligence jurisdiction, such as West Virginia, the negligence of a motorists normally reduces or bars any recovery for her claim. However, it is a widely accepted principle that the contributory negligence of a driver in operating a vehicle is not imputed to the owner of the vehicle. Bartz v. Wheat, 169 W.Va. 86, 285 S.E.2d 894 (1982). 65A CJS Negligence §168(2) p. *177 212. Therefore, it is the decision of this Court to make an award to the claimant in the amount of $1,013.95.
Award of $1,013.95.