PER CURIAM:
The claimant brought this action for damage to her 1995 Lexus which occurred after the vehicle encountered a hole in a road maintained by the respondent in Mingo County. The Court is of the opinion to deny the claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on April 24, 1997, at approximately 6:00 p.m. The claimant was traveling southbound on County Route 14 (Buffalo Creek Road) in the vicinity of Chattaroy. It was raining. The speed limit is 35 miles per hour. Route 14 in this area is a narrow, two-lane paved road, that is second priority in terms of maintenance. The evidence adduced at hearing was that the claimant struck a large hole on the side of her lane. The claimant’s vehicle sustained a damaged tire on the front passenger side and was knocked out of alignment. The claimant submitted a repair bill in the amount of $226.17. The claimant had a $500.00 insurance deductible.
The hole in question was described as approximately three feet long, two feet wide and eight inches deep. Photographs introduced into evidence established that the hole was located along the edge of the pavement. The claimant testified that there was an oncoming vehicle in the other lane of traffic, but that it had not crossed into her lane. She testified that she was unable to swerve around the hole due to this oncoming vehicle. The respondent was aware that the area in question had ongoing problems with holes due to poor drainage.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for defects of this type, the claimant must prove the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 1 6 Ct. Cl. 127 (1986). The Court is of the opinion that a hole of this size would have developed over a significant period of time and that the respondent had constructive, if not actual, notice of this road defect. However, the claimant is also charged with a duty to use reasonable care in the exercise of her driving privileges. The Court is of the opinion that had the claimant exercised due care, she would have been able to stop in time to avoid this accident, and that the claimant’s negligence was equal to or greáter than any negligence of the respondent. Therefore, in accordance with the established principles of comparative negligence, the Court does hereby deny the claim.
Claim disallowed.