PER CURIAM:
Claimant brought this action for vehicle damage and personal njuries which occurred as a result of her vehicle striking rock debris while traveling southbound on W.Va. Route 2 between Paden City and Sistersville. W .Va. Route 2 is a road maintained by respondent in Tyler County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 27, 1999, at approximately 6:30 to 6:40 a.m. On the rainy and foggy morning in question, claimant was traveling southbound on W.Va. Route 2, her regular route to her job as a home health nurse. Claimant carefully proceeded along W.Va. Route 2 with the aid of her vehicle’s headlights at a speed of about forty-five miles per hour because of the weather *79 conditions. There was a vehicle in front of and one behind her vehicle, with about a car length between each of them. Suddenly, claimant heard a loud noise and then her 1987 Chevy Camaro was struck by falling rocks. The impact of the rocks spun her vehicle around and pushed it against the guardrail. The vehicle had to be towed to a garage for repairs. The vehicle was later determined to be a total loss and taken to a junkyard. In addition, claimant sustained knee and head injuries. Claimant did not have collision damage insurance on her car. Claimant suffered a loss in the amount of $5,000.00 for the loss of the vehicle, towing charges as well as storage of the vehicle and medical expenses.
The position of respondent was that it had neither actual nor constructive notice for this rock fall incident on W.Va. Route 2. According to claimant’s Tyler County Highway Administrator, the rock fall debris was immediately removed from W.Va. Route 2 after notification. Also, the area is clearly marked by “falling rock” road signs. While claimant testified that she had contacted respondent on numerous occasions, respondent denied having any prior notice of the condition of W.Va. Route 2.
The Court has consistently held that in claims of this nature, without a positive showing that respondent had actual or constructive notice of a dangerous condition, such as falling rocks and rock debris, posing a threat of injury to property is insufficient to justify an award. Mitchell vs. Division of Highways, 21 Ct. Cl. 91 (1996); Hammond vs. Division of Highways, 11 Ct. Cl. 234 (1977). In order to establish liability on behalf of respondent, the evidence must establish that respondent had notice of the dangerous condition posing the threat of injury to property and a reasonable time to take suitable action to protect motorists. Alkire vs. Division of Highways, 21 Ct. Cl. 179 (1997).
In this claim, the Court is of the opinion that respondent reasonably maintained this portion of W.Va. Route 2. In the 1997 claim, Williams vs. Division of Highways, a similar incident occurred on W.Va. Route 2, near Sistersville. Id., 21 Ct. Cl. 175 (1997). At that time, W.Va. Route 2 was described as a top priority road that was a known rock fall area and was patrolled five times per week. Id. In Williams, this Court held respondent liable when it failed to establish that it had marked the area with “falling rock” road signs. Id. As this Court stated in Williams:
“The mountainous topography and numerous rural communities in West Virginia require the respondent to construct and maintain roads through areas which are prone to falling rocks. In these areas, the respondent has a duty to reduce the risk of harm to motorists. This duty can be fulfilled by... effectively warning motorists of the potential for falling rocks when correction is not feasible.”
*80 The evidence adduced at the September 16, 1999, hearing established that respondent had taken measures to help assure the safety of the traveling public while traveling on W.Va. Route 2 in Tyler County. In addition, claimant knew that this area has a propensity for rock falls and that the area was experiencing rock falls at the time of the incident. While the Court is sympathic to claimant’s plight, the fact remains that there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court does hereby deny this claim.
Claim disallowed.