PER CURIAM:
Claimant brought this action for vehicle damage that was sustained as his wife was driving his vehicle and it went into a ditch while she was traveling on Route 1, at the bottom of Bolt Mountain. Route 1 is a road maintained by respondent in Wyoming County. The Court is of the opinion to make a reduced award for reasons more fully set forth below.
The incident giving rise to this claim occurred on October 3, 1997, at approximately 7:00 a.m. On the morning in question, claimant’s wife, Patricia Ann Hall, was proceeding on Route 1 to her place of employment, the Bolt Post Office, in claimant’s 1995 Dodge Stratus. Claimant’s wife was driving the vehicle along the local service route at a speed of thirty-five miles per hour with the aid of the vehicle’s headlights, and there was little traffic on the road. When she came upon a three foot wide construction ditch in the road surface, she was unable to avoid driving the vehicle into the depression in the roadway. She applied the vehicle’s brakes, but the vehicle struck the deep ditch forcefully. She stopped the vehicle and slowly drove the vehicle out of the ditch. Claimant was able to operate the vehicle after the incident, however the vehicle sustained damage in the amount of $487.23. Claimant’s motor vehicle insurance policy has a deductible feature of $250, to which claimant’s recovery is limited. See Sommerville, et al. vs. Div. of Highways, 18 Ct. Cl. 110(1991).
During June 1997, claimant was aware that there had been flooding in the area and that as a result, the road surface had been excavated from side to side by respondent to install drains.
In the days prior to the incident, claimant’s wife had been on the road, but she had not noticed any irregularities in the pavement. Later, claimant’s wife contacted respondent regarding the incident.
The position of respondent was that it did not have notice that the ditch on Route 1 in Wyoming County posed a hazard to the traveling public. According to respondent, flooding had occurred through out the county on several occasions during the year. On Route 1 at the scene of the incident herein, water flowed out of a ravine and caused the road surface to “hoove up” when rock and debris filled the drain pipe under the road. There were several areas on Route 1 where respondent had pipes wash out. As a result, respondent had been in the process of installing new pipes across Route 1 as well as cleaning the sides of the road to alleviate any problems. These areas of Route 1 were repaired and gravel was used in the areas *133 which were dug out. Respondent then went on to repair other roads. Respondent acknowledged that the gravel that was placed on the road often settles and possibly could form depressions that would be consistent with a ditch. The material on the road must be compacted in order to remedy the settling problem. Hot mix asphalt was placed on the road at a later date. In addition, “Rough Road” road signs were en route to the location in question at the time of claimant’s wife incident.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence adduced at the October 28, 1999, hearing established that respondent had notice of the condition of Route 1 in Wyoming County. Respondent knew or should have known that this portion of Route 1 would settle causing a ditch to form in the road. The Court is of the opinion that respondent did not take the proper precautionary measures in its maintenance of Route 1 at the scene of claimant’s wife’s accident. However, the Court is of the opinion that claimants’s wife is not without fault in this incident. She was familiar with the road, and she knew that respondent had installed pipes across the road. She should have exercised more care in operating claimant’s vehicle under the road conditions then and there existing.
Normally, the contributory negligence of a driver in operating a vehicle is not imputed to the owner of the vehicle. Bartz vs. Wheat, 169 W.Va. 86; 285 S.E.2d 894 (1982). However, the Court is of the opinion that the negligence of claimant’s wife may be imputed to claimant under the family purpose doctrine. The family purpose doctrine is a legal rule by which the owner of an automobile is held vicariously liable when a member of the immediate household negligently drives the family vehicle, on the assumption that the driver is implementing a family purpose. See Black’s Law Dictionary, 420 (6th ed.1991). W est Virginia has adopted and followed this doctrine. Bell vs. West, 168 W.Va. 391; 284 S.E.2d 885 (1981). Since claimant’s wife was operating a family vehicle to her place of employment, the Court finds that the family purpose doctrine is applicable to this situation. Thus, the comparative negligence of claimant’s wife will be imputed to claimant.
In a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant may reduce or bar recovery of a claim. In accordance with the findings of fact and conclusions of law stated herein above, the Court has determined that claimant’s wife was 20% negligent for the incident that occurred. Since negligence of claimant’s wife was not greater than or equal to the negligence of respondent, claimant may recover 80% of his loss.
*134 In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of 80% of claimant’s insurance deductible feature for a total award of $200.00.
Award of $200.00.