PER CURIAM:
Claimants brought this action for damage to their 1993 Eagle Talon which occurred when their daughter was operating the vehicle on Route 214 in Kanawha County and the vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of Route 214. The Court is of the opinion to make an award in this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on March 1, 2001, on Route 214 in Alum Creek near the Kanawha and Lincoln County border. The claimants’ daughter Miranda Pierce was driving the vehicle at the time of the incident. She was on her way to a friend’s house in South Charleston. Ms. Pierce testified that the incident occurred sometime in the evening, but she could not recall if it was daylight or dark. The weather was unremarkable except for a light rain that had just begun. Route 214 at this location is a paved two-lane road. Ms. Pierce testified that it is curvy in many areas. As she drove from Lincoln County into Kanawha County, she was preparing to drive around a curve when suddenly the vehicle struck a large hole in the road. The impact caused the front passenger side tire to burst. Fortunately, she was able to maintain control of the vehicle so she drove a short distance to a gas station for help. Claimant Lora Pierce submitted repair bills in the amount of $494.14 and $37.05 which represent her out-of-pocket loss. Claimants seek a total of $531.19 in damages. Claimants contend that respondent knew or should have known of this hole; that respondent should have made adequate repairs; and that its failure to do so created a hazardous condition that was the proximate cause of their damages.
Miranda Pierce testified that, although she did not see the hole on the evening of this incident, she knew it was there. She testified that she had known that the hole was at this location for approximately two or three years. She stated that she had traveled past the hole while driving Route 214 earlier on the day of this incident. She also stated that she traveled the road regularly on the way to and from her home. She described the hole as approximately two feet wide and approximately one foot long and significantly deep. Ms. Pierce went on to describe the location of the. hole as extending from the middle of the white line to outside the white line. The claimant Lora Pierce testified that she viewed the scene after the incident and based upon her recollection, the hole extended even further beyond the white line than Miranda Pierce described.
It is a well established principle that the State is neither an insurer nor a *128 guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E. 2d 811 (W. Va. 1947). In order to hold the respondent liable for defects of this type, the claimant must prove that the respondent had actual or constructive notice of the road defect. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon v. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that a hole this size would have developed over a significant period of time and that the respondent had at least constructive notice of this defect. However, a driver also has a duty to use reasonable care and diligence in the exercise of her driving privileges. Copley v. Division of Highways 22 Ct. Cl. 144 (1998).
In this claim, the driver of the vehicle Miranda Pierce was aware that the hole existed. The evidence adduced at the hearing demonstrated that she had known of the hole for a substantial period of time prior to the incident. Considering her knowledge of the defect on Route 214, the Court might have applied the principle of comparative negligence; however, the Court is aware that the law in this State is that the negligence of the driver may not be imputed to the owner of the vehicle. See Bartz v. Wheat, 285 S.E.2d 894, 169 W.Va. 86 (1982). Thus, the Court finds that the respondent’s negligence in the maintenance of Route 214 constitutes the basis for an award to claimants for the damage to their vehicle.
In view of the foregoing, the Court grants an award to claimants in the amount of S531.19.
Award of $531.19.